UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYCE DESHANE DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 1:22-CV-35-AGF |
| UNKNOWN RODGERS, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Bryce Deshane Davis, an inmate at the Butler County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $12.80. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny without prejudice his motion to appoint counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $64.00. The Court will therefore assess an initial partial filing fee of $12.80, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983. He prepared the complaint using a court-provided form, as required.  Plaintiff names the following seventeen individuals as defendants: Unknown Rodgers, Mike McMean, Dave Light, Keisha Miller, Samuel Unknown, Reggie Unknown, Lane Schumer, Dana Unknown, Luke Unknown, Francisco Vega, Jeff Unknown, Matthew Ice, Unknown Allen, Unknown Shipman, Unknown Taylor, Unknown Ketchum, and Mark Dobbs.

Plaintiff identifies Rodgers, Light, and Dobbs as employees of the Butler County Sheriff's Department, and he sues them in their individual and official capacities. Plaintiff does not identify the employer of the remaining defendants, but based upon the allegations in the complaint, it appears they are employees of the Butler County Sheriff's Department or the jail facility.  Plaintiff does not specify the capacity in which they are sued.  The Court therefore interprets the complaint

3

as including only official-capacity claims against them. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).

Plaintiff's allegations focus primarily upon allegedly unconstitutional denials of religious materials and dietary substitutions. In support, he alleges that Rodgers never responded to his grievances concerning a Quran or a change in diet, and failed to provide copies of grievances. He alleges that Dobbs has yet to respond to his grievances. He alleges that Light told him he "knew better than to ask about a Holy Quran," and the sheriff did not have to honor religion. (ECF No. 1 at 3). Additionally, plaintiff generally alleges that unspecified persons told him he could not have dietary substitutions or a Quran, and made offensive or dismissive remarks. Plaintiff also lists the names of defendants, and quotes remarks they made to him. For example, plaintiff writes: "Supervisor Jeff stated, "There's nothing he could do and all he can do is what he's told," and "Co Allen stated, He wishes he could help but there's nothing he could do" and "he would lose his job if he did." *Id.* at 6. Plaintiff provides no context for the remarks.

Attached to the complaint is an "Inmate Request Form" on which plaintiff wrote: "This is what they consider the grievance Process in its Full Capacity." (ECF No. 1-2 at 1). Also attached is a "Medical Service Request" form in which plaintiff can be understood to complain that he is charged $30 to see a physician, and is receiving unsatisfactory substitutions for pork. *Id.* at 2. Also attached is a letter addressed "To Whom it May Concern." *Id.* at 3. In the letter, plaintiff avers that unidentified persons are subjecting him to retaliation, denying him medical care, and committing other wrongdoing. *Id.* at 3. None of the attachments contain facts from which the Court can discern a claim against any of the named defendants, or against any person who could be identified as a defendant.

**Discussion**

4

Plaintiff's official-capacity claims against Rodgers, Light, and Dobbs, and his claims against the remaining fourteen defendants, are treated as claims against their public employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). However, entities such as county sheriff's departments and jail facilities are not legal entities that are subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992), *De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (upholding the preservice dismissal of a § 1983 action by a prisoner against a jail facility and a county sheriff's department because neither defendant was a suable entity). Therefore, plaintiff's official-capacity claims against Rodgers, Light and Dobbs, and his claims against the remaining defendants, are subject to dismissal.

The complaint also fails to state a plausible individual-capacity claim against Rodgers, Light, and Dobbs, and would fail to state a plausible claim against the remaining defendants even if plaintiff had named them in their individual capacities. Plaintiff simply fails to allege facts permitting the inference that any of the named defendants were personally involved in, or directly responsible for, depriving him of his federally-protected rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) and *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, depriving the plaintiff of federally-protected rights). Plaintiff's allegations concerning the handling of his grievances do not state a claim of constitutional dimension, and his recitation of remarks made to him concerning an alleged deprivation of religious materials and a particular diet are insufficient to state a plausible First Amendment claim.

The Court will not dismiss this action at this time, and will instead give plaintiff the opportunity to file an amended complaint to clearly set forth his claims. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2).

In other words, if plaintiff names more than one defendant, he may only include claims that are related to each other.

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell,* 909 F.2d at 1208.  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is cautioned to avoid filing letters regarding this pending matter, and he is cautioned to avoid trying to amend a complaint by filing separate documents containing changes he wants made. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v.*

7

*Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

At present, the Court is not convinced that plaintiff has stated a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, or that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $12.80. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 29th  day of June, 2022.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE