UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRYCE DESHANE DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:22-CV-35-AGF |
| UNKNOWN RODGERS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Bryce Davis, a pretrial detainee at the Butler County Detention Center. For the reasons explained below, the Court will partially dismiss the amended complaint, and direct the Clerk to issue service of process as to the non-frivolous portions thereof.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above

the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Sheriff Mark Dobbs, Corrections Officer Dave Light, and Jail Administrator Rodger Burton. Plaintiff identifies Dobbs as an employee of the Butler County Sheriff's Department, and he identifies Light and Burton as employees of the Butler County Justice Center. He sues the defendants in their individual and official capacities.

Plaintiff can be understood to claim that he is Muslim, and that the defendants have substantially burdened his religious exercise. Plaintiff alleges that beginning December 21, 2021 and continuing to the present, the defendants have repeatedly refused his requests for necessary religious materials and dietary accommodations. Plaintiff alleges he asked Light to provide him a copy of the Qur'an, but Light denied his request and said "Sheriff Mark Dobbs doesn't want the Holy Qur'an in 'his Jail' " and "doesn't have to honor Religion." *Id.* Plaintiff also asked Light for a substitution for pork, but Light denied his request and said if he honored plaintiff's request he would have to do the same "for everyone who 'claimed' to be Muslim." *Id.* Plaintiff also asked Burton for a pork substitution and a copy of the Qur'an, but Burton denied the requests and told plaintiff he could have a Bible and "that was about it but the Holy Qur'an was a 'no go.' " *Id.* at 5. Plaintiff can be understood to allege that Dobbs does not permit Muslim religious services but does allow Christian religious services, and similarly, he alleges that all three defendants accommodate the requests of others for Bibles, but "deny the Holy Qur'an." *Id.* He alleges that the three defendants have also denied him "the right to eat Kosher foods . . .". *Id.* Plaintiff indicates an intent to seek damages, but does not specify an amount.

## Discussion

The Court first addresses plaintiff's individual-capacity claims. As noted above, giving a *pro se* complaint a liberal construction means that "if the essence of an allegation is discernible," the reviewing court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon*, 795 F.3d at 787 (quoting *Stone*, 364 F.3d at 914). Here, plaintiff's claims are premised upon alleged burdens upon his sincerely held religious beliefs. The free exercise clause of the First Amendment prevents prison officials from substantially burdening a prisoner's sincerely held religious belief. Prisoners are also protected by

3

the Religious Land Use and Institutionalized Persons Act, or "RLUIPA."  In this case, having carefully reviewed and liberally construed the amended complaint, the Court concludes that plaintiff has adequately pleaded First Amendment and RLUIPA claims against the three defendants in their individual capacities.  The Court will therefore require the defendants to respond to the amended complaint as to those claims.

The Court now addresses plaintiff's official-capacity claims.  As the Court explained in its June 29, 2022 Memorandum and Order, plaintiff's official-capacity claims against the defendants must be construed as claims against their public employer.  *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer").  Entities such as county sheriff's departments and jail facilities are not legal entities that are subject to suit under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) and *De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001).  Additionally, the amended complaint contains no allegations that would state a plausible municipal liability claim against Butler County.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) and  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  The Court will therefore dismiss plaintiff's official-capacity claims, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official-capacity claims against defendants Mark Dobbs, Dave Light, and Rodger Burton are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

4

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Sheriff Mark Dobbs. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Butler County Sheriff's Department, 200 Phillip Kearbey Boulevard, Poplar Bluff, Missouri 63901.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Corrections Officer Dave Light. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Butler County Detention Center, 200 Phillip Kearbey Boulevard, Poplar Bluff, Missouri 63901.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Jail Administrator Rodger Burton. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Butler County Detention Center, 200 Phillip Kearbey Boulevard, Poplar Bluff, Missouri 63901.

Dated this 3rd day of October, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE